1  Tyler J. Woods (State Bar No. 232464)
   twoods@trialnewport.com
2  Tu-Quyen Pham (State Bar No. 260864)
   tpham@trialnewport.com
3  **NEWPORT TRIAL GROUP**
   A Professional Corporation
4  4100 Newport Place, Suite 800
   Newport Beach, CA  92660
5  Tel: (949) 706-6464
   Fax: (949) 706-6469
6
   **HIDEN, ROTT & OERTLE, LLP**
7   A Limited Liability Partnership
    Including Professional Corporations
8  ERIC M. OVERHOLT, ESQ.   (C.S.B. 248762)
    eoverholt@hrollp.com
9  2635 Camino del Rio South, Suite 306
   San Diego, California 92108
10 Telephone: (619) 296-5884
   Facsimile:   (619) 296-5171
11
   *Attorneys for Plaintiff*
12

13            **UNITED STATES DISTRICT COURT**

14          **SOUTHERN DISTRICT OF CALIFORNIA**

15

16  THERMOLIFE INTERNATIONAL, LLC          Case No.  **'13CV2154 MMA NLS**

17             Plaintiff,

18             vs.                                **COMPLAINT FOR PATENT
                                                  INFRINGEMENT**
19  GENTOPIA LABORATORIES,

20             Defendant.                         **JURY TRIAL DEMANDED**

21

22

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

                                    1

HIDEN, ROTT & OERTLE, LLP
2635 Camino Del Rio South, Suite 306
San Diego, California 92108
TEL (619) 296-5884  FAX (619) 296-5171

Plaintiff Thermolife International, LLC ("Plaintiff") hereby alleges for its Complaint against Gentopia Laboratories ("Defendant"), on personal knowledge as to its own activities and on information and belief as to the activities of others, as follows:

## I.  THE PARTIES

1.  Plaintiff is a limited liability company organized and existing under the laws of Arizona, with a place of business at 1811 Ocean Front Walk in Venice, California, 90291.

2.  Plaintiff is and was at all relevant times the exclusive licensee of United States Patent No. 6,646,006, titled "Enhancement of Vascular Function By Modulation of Endogenous Nitric Oxide Production or Activity," referred to herein as the "patent in suit."

3.  The above patent is and was owned by The Board of Trustees of the Leland Stanford Junior University ("Stanford University") and Plaintiff exclusively licenses and licensed the patent from Stanford University.

4.  Plaintiff has been given the right by Stanford University to institute suit with respect to infringements of the patent in suit, including this suit against Defendant.

5.  Defendant is an entity organized and existing under the laws of New York with a principal place of business at 2005 Palmer Avenue, Suite 209 in Larchmont, New York, 10538.

## II.  JURISDICTION AND VENUE

6.  This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code. Accordingly, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338, and 1367.

7.  Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400.

///

HIDEN, ROTT & OERTLE, LLP
2635 Camino Del Rio South, Suite 306
San Diego, California 92108
TEL (619) 296-5884  FAX (619) 296-5171

COMPLAINT FOR PATENT INFRINGEMENT

8. This Court has personal jurisdiction over Defendant. By way of example and without limitation, Defendant, directly or through intermediaries (including distributors, retailers, and others), makes, manufactures, ships, distributes, advertises, markets, offers for sale, and/or sells dietary supplement products that infringe on one or more claims of the patent in suit (hereinafter the "accused products"), which include without limitation products sold under the "Virectin" brand name, in the United States, the State of California, and the Southern District of California.

9. By way of further example and without limitation, Defendant has purposefully and voluntarily placed the accused products into the stream of commerce with the expectation that they will be purchased in the Southern District of California, and the products are actually purchased in the Southern District of California.

## III. THE DEFENDANT'S INFRINGEMENTS

10. Defendant has committed the tort of patent infringement within the State of California, and more particularly, within the Southern District of California, by virtue of the fact that Defendant has formulated, made, manufactured, shipped, distributed, advertised, offered for sale, and/or sold the accused products in this District, and continues to do so.

## A. DIRECT INFRINGEMENTS

11. Defendant's employees, agents, representatives and other persons sponsored by or who endorse Defendant and Defendant's products in advertising and marketing activities, have taken, used, and orally administered the accused products.

12. The accused products are formulated, made, manufactured, shipped, distributed, advertised, offered for sale, and sold by Defendant to include certain ingredients that, by virtue of their inclusion in the products, infringe one or more claims of one or more of the patent in suit.

HIDEN, ROTT & OERTLE, LLP
2635 Camino Del Rio South, Suite 306
San Diego, California 92108
TEL (619) 296-5884 FAX (619) 296-5171

3

13.     The accused products are formulated, made, manufactured, shipped, distributed, advertised, offered for sale, and sold by Defendant to include specific ingredients for certain purposes that, by virtue of their inclusion in the products for such purposes, infringe one or more claims of the patent in suit, and as a result, when Defendant's employees, agents, representatives and other persons sponsored by or who endorse Defendant and Defendant's products in advertising and marketing activities orally administer the accused products, they are practicing and they practiced the methods disclosed in those claims.

14.     The purposes for which these ingredients are included in the accused products are and were, without limitation, to enhance nitric oxide production, to improve nitric oxide activity, to produce nitric oxide, to boost nitric oxide levels in the body, and to enhance physical performance.

15.     Defendant encouraged and/or is aware of the fact that its employees, agents, representatives and other persons sponsored by Defendant or who endorse Defendant and Defendant's products in advertising and marketing activities orally administered and administer the accused products and practice and practiced the methods disclosed in one or more claims of the patent in suit, and these employees, agents, representatives and other persons sponsored by Defendant or who endorse Defendant and Defendant's products in advertising and marketing activities are and were acting under Defendant's direction and control when practicing those methods.

16.     Therefore, Defendant is and was a direct infringer of one or more claims of the patent in suit, and Defendant practices and practiced the methods as set forth in one or more claims of the patent in suit.

## B. INDIRECT INFRINGEMENTS

17.     End-users of Defendant's accused products were and are also direct infringers of one or more claims of the patent in suit.

///

4

18. End-users of Defendant's accused products have taken, used, and orally administered the accused products.

19. The accused products are and were formulated, made, manufactured, shipped, distributed, advertised, offered for sale, and/or sold by Defendant to include certain ingredients that, by virtue of their inclusion in the products, infringe and infringed one or more claims of the patent in suit.

20. The accused products are and were formulated, made, manufactured, shipped, distributed, advertised, offered for sale, and/or sold by Defendant to include specific ingredients for certain purposes that, because of their inclusion in the products for such purposes, infringe and infringed one or more claims of the patent in suit, and as a result, when end-users of Defendant's accused products orally administer and administered the accused products, they are and were practicing the methods disclosed in those claims.

21. Defendant's labels and advertising for the accused products explain and explained the elements and essential elements of one or more of the methods disclosed in the patent in suit, and those labels and advertising statements encourage, urge, and induce the accused products' end-users, and did so in the past, to purchase and orally ingest the products to practice those methods, and end-users do and did practice those methods.

22. Defendant has therefore specifically intended to cause these end-users to directly infringe the claimed methods of this patent, and in fact urged them to do so.

23. The accused products are and were not suitable for non-infringing uses, and none of Defendant's labels or advertisements for the accused products disclose or disclosed any uses for the products, nor for the compounds disclosed in the claimed methods of the patent in suit, that do not infringe upon such methods.

24. The inclusion of the specific infringing compounds in the products is and was material to practicing such methods.

HIDEN, ROTT & OERTLE, LLP
2635 Camino Del Rio South, Suite 306
San Diego, California 92108
TEL (619) 296-5884 FAX (619) 296-5171

5

25.    Defendant has and had knowledge that the accused products are and were especially adapted by end-users of the products for the practicing of such methods, and, indeed, Defendant encourages, urges, and induces the accused products' end-users to purchase and orally administer the accused products to practice such methods, and has done so in the past.

26.    Defendant intentionally and knowingly induced, encouraged, and urged end-users of the accused products to purchase and orally administer the accused products for the purposes of practicing the claimed methods, by having them orally ingest the compounds disclosed in such claims.

27.    Defendant has and had knowledge of the fact that the accused products, particularly as administered, infringe on one or more claims of the patent in suit.

28.    Defendant has and had direct, firsthand knowledge of the patent in suit.

29.    For example and without limitation, Plaintiff believes Defendant has had knowledge of the patent in suit since November 2006, when an ongoing settlement of a patent infringement case relating to the patent suit and other related patents against Herbalife, a well-known company in Defendant's industry, was announced in press releases issued in a highly publicized manner. Plaintiff believes Defendant's employees, agents, and representatives saw the press releases and were aware of the settlement and thus the patent in suit.

30.    By way of further example and without limitation, Defendant sold its products through retailers, including online retailers, and those retailers have sold other companies' products whose labels and/or advertisements have been prominently marked with the patent in suit and/or related patents, by patent number, including without limitation, upon information and belief, the products manufactured and sold by Herbalife, Daily Wellness, and Vitality Research Labs. Defendant's employees, agents, and representatives have seen these labels and

HIDEN, ROTT & OERTLE, LLP
2635 Camino Del Rio South, Suite 306
San Diego, California 92108
TEL (619) 296-5884    FAX (619) 296-5171

COMPLAINT FOR PATENT INFRINGEMENT

1  advertisements and, thus, Defendant has and had direct knowledge of the patent in

2  suit.

3      31.  By way of further example and without limitation, Defendant received

4  written notice of the patent in suit from Plaintiff in April 2013.

5      32.  Defendant brazenly and willfully decided to infringe the patent in suit

6  despite knowledge of the patent's existence and its knowledge of the accused

7  products' infringements of the patent.

8      33.  At a minimum, and in the alternative, Plaintiff pleads that Defendant

9  willfully blinded itself to the infringing nature of the accused products' sales.

10      34.  Defendant did not cease its own direct infringement, nor its

11  contributory infringement or inducement of infringement by end-users, despite its

12  knowledge of the patent in suit and the end-users' infringing activities with respect

13  to the patent in suit.

## IV.  FIRST CAUSE OF ACTION

### Infringement of U.S. Patent No. 6,646,006

16      35.  Plaintiff repeats and re-alleges the allegations of the foregoing

17  paragraphs of this Complaint as if fully set forth herein.

18      36.  Defendant has in the past literally and directly infringed or directly

19  infringed under the doctrine of equivalents one or more claims of United States

20  Patent No. 6,646,006 by making, using, selling, and offering for sale the accused

21  products, or any one of those products.

22      37.  In addition to the fact that Defendant makes, uses, sells, and offers for

23  sale the accused products, and did so in the past, further examples of Defendant's

24  direct infringements include, without limitation, the fact that Defendant encouraged

25  and/or is aware of the fact that its employees, agents, representatives and other

26  persons sponsored by or who endorse Defendant and Defendant's products in

27  advertising and marketing activities orally administer the accused products and

28  practice the methods disclosed in one or more claims of United States Patent No.

HIDEN, ROTT & OERTLE, LLP
2635 Camino Del Rio South, Suite 306
San Diego, California 92108
TEL (619) 296-5884   FAX (619) 296-5171

COMPLAINT FOR PATENT INFRINGEMENT

6,646,006, and these employees, agents, representatives and other persons sponsored by or who endorse Defendant and Defendant's products in advertising and marketing activities acted under Defendant's direction and control when practicing those methods.

38.  Defendant encouraged and was aware of these persons' oral administration of the accused products for these purposes, these persons are acting under Defendant's direction and control, and therefore Defendant directly practiced the methods disclosed in United States Patent No. 6,646,006.

39.  End-users of Defendant's accused products were also direct infringers of one or more claims of United States Patent No. 6,646,006.

40.  End-users of Defendant's accused products have taken, used, and orally administered the accused products.

41.  The accused products were formulated, made, manufactured, shipped, distributed, advertised, offered for sale, and sold by Defendant to include certain ingredients that, by virtue of their inclusion in the products, infringed one or more claims of United States Patent No. 6,646,006.

42.  The accused products were formulated, made, manufactured, shipped, distributed, advertised, offered for sale, and sold by Defendant to include specific ingredients for purposes that, by their inclusion in the products for such purposes, infringed one or more claims of United States Patent No. 6,646,006, and as a result, when end-users of Defendant's accused products orally administered the accused products, they were practicing the methods disclosed in one or more claims of that patent.

43.  Defendant's labels and advertising for the accused products explained the elements and essential elements of the methods disclosed in United States Patent No. 6,646,006, and those labels and advertising statements encouraged, urged, and induced the accused products' end-users to purchase and orally ingest the products to practice those methods, and end-users did practice those methods.

HIDEN, ROTT & OERTLE, LLP

2635 Camino Del Rio South, Suite 306
San Diego, California 92108
TEL (619) 296-5884  FAX (619) 296-5171

8

44.   Defendant therefore specifically intended to cause these end-users to directly infringe the claimed methods of United States Patent No. 6,646,006, and had in fact urged them to do so.

45.   The accused products were not suitable for non-infringing uses, and none of Defendant's labels or advertisements for the accused products disclosed any uses for the products, nor for the compounds disclosed in the claimed methods, that did not infringe upon such methods.

46.   The inclusion of these specific infringing compounds in the products was material to practicing such methods.

47.   Defendant had knowledge that the accused products were especially adapted by end-users of the products for the practicing of such methods, and, indeed, Defendant encouraged, urged, and induced the accused products' end-users to purchase and orally administer the accused products to practice such methods.

48.   Defendant intentionally and knowingly induced, encouraged, and urged end-users of the accused products to purchase and orally administer the accused products for the purposes disclosed in one or more claims of United States Patent No. 6,646,006, by having them orally ingest the compounds disclosed in such claims.

49.   Defendant had knowledge of the fact that the accused products, particularly as administered, infringed on one or more claims of United States Patent No. 6,646,006.

50.   Defendant also had direct, firsthand knowledge of United States Patent No. 6,646,006 itself.

51.   Defendant's activities were without express or implied license by Plaintiff.

52.   As a result of Defendant's acts of infringement, Plaintiff suffered and will continue to suffer damages in an amount to be proved at trial.

///

HIDEN, ROTT & OERTLE, LLP

2635 Camino Del Rio South, Suite 306
San Diego, California 92108
TEL (619) 296-5884  FAX (619) 296-5171

COMPLAINT FOR PATENT INFRINGEMENT

HIDEN, ROTT & OERTLE, LLP
2635 Camino Del Rio South, Suite 306
San Diego, California 92108
TEL (619) 296-5884   FAX (619) 296-5171

53.    Defendant's past infringements and/or continuing infringements have been deliberate and willful, and this case is therefore an exceptional case, which warrants an award of treble damages and attorneys' fees in accordance with 35 U.S.C. § 285.

## V.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for entry of judgment against Defendant as follows:

1.    A declaration that Defendant has infringed the patent in suit, under 35 U.S.C. §§ 271 *et seq.*;

2.    That Defendant be required to provide to Plaintiff an accounting of all gains, profits, and advantages derived by Defendant's infringement of the patent in suit, and that Plaintiff be awarded damages adequate to compensate Plaintiff for the wrongful infringing acts by Defendant, in accordance with 35 U.S.C. § 284;

3.    That the damages awarded to Plaintiff with regard to the patent in suit be increased up to three times, in view of Defendant's willful infringement, in accordance with 35 U.S.C. § 284;

4.    That this case be declared to be exceptional in favor of Plaintiff under 35 U.S.C. § 285, and that Plaintiff be awarded its reasonable attorneys' fees and other expenses incurred in connection with this action;

5.    That Plaintiff be awarded its interest and costs of suit incurred in this action;

6.    Compensatory damages;

7.    Punitive damages; and

8.    That Plaintiff be awarded such other and further relief as this Court may deem just and proper.

///

///

///

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff hereby demands a jury trial for all issues in this case that properly are subject to a jury trial.

DATED: September 12, 2013

**HIDEN, ROTT & OERTLE, LLP**

By: _____

Eric M. Overholt, Esq.
*Attorneys for Plaintiff*

HIDEN, ROTT & OERTLE, LLP
2635 Camino Del Rio South, Suite 306
San Diego, California 92108
TEL (619) 296-5884  FAX (619) 296-5171

11

COMPLAINT FOR PATENT INFRINGEMENT